**RANDOLPH H. WOLF**
Counsellor at Law
214 Broad Street
P.O. Box 8938
Red Bank, N.J. 07701
(732) 741-4448

Attorney for: Plaintiff(s) Estate of John Poitras, et
al.

| | |
|---|---|
| ESTATE OF JOHN POITRAS BY ITS GENERAL ADMINISTRATRIX DESIREE WHYTE, DESIREE WHYTE AS ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF JOHN POITRAS, AND DESIREE WHYTE, INDIVIDUALLY,<br>　　　　Plaintiff(s),<br><br>vs.<br><br>THE COUNTY OF MONMOUTH, MONMOUTH COUNTY SHERIFF'S OFFICE, SHERIFF SHAUN GOLDEN, MONMOUTH COUNTY CORRECTIONAL INSTITUTE, WARDEN BRIAN ELWOOD, CORRECT CARE SOLUTIONS, LLC, KABEERUDDIN S. HASHIMI, M.D., JOHN DOES, M.D. 1-10, PATRICIA STAGER, L.P.N., JANE DOES 1-10, RICHARD ROES, M.D. 1-10, ABC ASSOCIATES 1-10, AND PETER POES 1-10,<br>　　　　Defendant(s) | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br><br>Civil Action No.:<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff(s) ESTATE OF JOHN POITRAS,  by its General Administratrix, DESIREE WHYTEE, and DESIREE WHYTE, residing at 119 Hawthorne Avenue, in the City of Neptune, County of Monmouth, and State of New Jersey, individually and as Administratrix Ad Prosequendum of the ESTATE OF JOHN POITRAS, deceased, by way of Complaint against the Defendant(s), says:

## JURISDICTION AND VENUE

1.      This is a civil rights action in which plaintiffs seek relief for defendants' violation of rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, of rights secured under the Constitution of the State of New Jersey, and of remedies embodied in The New Jersey Civil Rights Act, N.J.S.A. 10:6-1 *et. seq.*

2.      This action is brought pursuant to  42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States, the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, *et seq.*, and state law claims of negligence and medical malpractice.  Jurisdiction is conferred upon this Court by  42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.  Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. §1367.

3.      Venue is proper for the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1391(b)(1) and (2).

## EXHAUSTION OF PRE-LAWSUIT PROCEDURES

Plaintiff DESIREE WHYTE, on behalf of herself and the ESTATE OF JOHN POITRAS, filed governmental tort claims with the COUNTY OF MONMOUTH on December 4, 2011, as a pre-requisite to the state law claims alleged herein.  Defendants rejected plaintiff's governmental tort claims.

## PARTIES

1.     Letters of Administration ad Prosequendum were granted by the Surrogate of Monmouth County, State of New Jersey, to the plaintiff DESIREE WHYTE for the purpose of prosecuting claims assertable by DESIREE WHYTE as sister and next of kin of JOHN POITRAS, deceased, against the defendants named herein for the death of said JOHN POITRAS.  Letters of General Administration were also issued to DESIREE WHYTE by the Surrogate of Monmouth County, State of New Jersey, by which she was appointed General Administratrix of the ESTATE OF JOHN POITRAS,  deceased.

2.     JOHN POITRAS leaves surviving him the plaintiff, DESIREE WHYTE, his sister; Dakota, his son; Carmen, his sister; and Joseph and Paul, his brothers, all of whom have sustained pecuniary and other losses as a result of the death of said JOHN POITRAS.

3.     This action is commenced within two years after the death of JOHN POITRAS..

4.     Defendant COUNTY OF MONMOUTH , acting under color of state law, is at all times relevant herein, a political sub-division of the State of New Jersey.  It is an independent regional governing body created and authorized under the laws of the State of New Jersey.  Defendant COUNTY OF MONMOUTH is authorized to maintain defendant Monmouth County Sheriff's Office and defendant Monmouth County Correctional Institution ("MCCI").

5.     Defendant MONMOUTH COUNTY SHERIFF'S OFFICE, acting under color of state law, is an agency of the COUNTY OF MONMOUTH, and controls and operates the MCCI on behalf of the COUNTY OF MONMOUTH.  Defendant  MONMOUTH COUNTY SHERIFF'S OFFICE, is and was at all relevant times responsible for the administration of the County's correctional system, including the provision of medical services, treatment, and supervision to all persons committed to the custody of MCCI, including plaintiff JOHN POITRAS. Defendant MONMOUTH COUNTY SHERIFF'S OFFICE is and was also responsible for the hiring, supervising, training, discipline, and for otherwise controlling of persons working for the Monmouth County Sheriff's Office, including persons directly responsible for the provision of medical services to inmates committed to custody in the MCCI.  Defendant  MONMOUTH COUNTY SHERIFF'S OFFICE is and was also responsible, either directly or in a supervisory capacity, for hiring, supervising, training, and for disciplining all members of the Monmouth County Sheriff's Office, including all corrections officers assigned to the MCCI.

6.     Defendant SHAUN GOLDEN, acting under color of state law,  is and was at all times mentioned herein, the Sheriff of Monmouth County.  He was charged by law and was responsible for the administration of the County's correctional system, including the provision of medical services, treatment, and supervision to all persons committed to the custody of MCCI, including plaintiff JOHN POITRAS. Defendant SHAUN GOLDEN is and was also responsible for the hiring, supervising, training, discipline, and for otherwise controlling of persons working for the Monmouth County Sheriff's Office, including persons directly responsible for the provision of medical services to inmates committed to custody in the MCCI.  Defendant SHAUN GOLDEN is and was also responsible, either directly or in a supervisory capacity, for hiring, supervising, training, and for

disciplining all members of the Monmouth County Sheriff's Office, including all corrections officers assigned to the MCCI.   Defendant SHAUN GOLDEN is sued in his official and individual capacities.

7.   Defendant MONMOUTH COUNTY CORRECTIONAL INSTITUTION ("MCCI"), acting under color of state law, is a county jail which houses inmates committed to its custody under the laws of the State of New Jersey.   Acting through its agents, representatives, and employees, MCCI was at all times responsible for the care, custody, treatment, and welfare of individuals committed and housed therein, including plaintiff.

8.   Defendant BRIAN ELWOOD, acting under color of state law, was the Warden of MCCI at all relevant times herein.   As such, he was responsible for the care and custody of persons incarcerated at MCCI, including plaintiff John Poitras, and for supervising, training, disciplining, and otherwise controlling persons working in MCCI.   Defendant BRIAN ELWOOD is sued in his official and individual capacities.

9.   Defendant CORRECT CARE SOLUTIONS, LLC ("CCS"), acting under color of state law,  is a limited liability company with its headquarters at 1283 Murfreesboro Rd, Suite 500, Nashville, TN.   At all relevant times herein, CCS was an agent of MCCI and under contract with MCCI to provide medical and mental health evaluation and treatment to inmates incarcerated at MCCI, including JOHN POITRAS.

10.   Defendant KABEERUDDIN S. HASHIMI, M.D., was at all relevant times herein, a doctor licensed to practice medicine in the State of New Jersey who held himself out as having expertise in the area of internal medicine and who held himself out as a doctor who possessed that degree of skill, ability and knowledge normal to a physician who devotes his or her attention to the

specialty of internal medicine.  In holding himself out as physicians devoted to the practice of internal medicine and as a physician trained in this speciality, this doctor was the attending physician for the deceased, JOHN POITRAS, and one of the doctors responsible for the actions and/or inactions set forth herein.  At all times relevant herein defendant KABEERUDDIN HASHIMI acted under color of state law and was, upon information and belief, was an agent of defendant CCS and is also individually liable to plaintiff.

11.    Defendants JOHN DOES, M.D. 1-10 (fictitious names of one or more real individuals) were medical doctors licensed to practice medicine in the State of New Jersey who held themselves out as having expertise in the area of internal medicine and who held themselves out as doctors who possessed that degree of skill, ability and knowledge normal to a physician who devotes his or her attention to the specialty of internal medicine.  In holding themselves out as physicians devoted to the practice of internal medicine and as physicians trained in this speciality, these doctors were the attending physicians for the deceased, JOHN POITRAS, and the doctors responsible for the actions and/or inactions set forth herein.  At all times relevant herein defendants JOHN DOES, M.D. 1-10 acted under color of state law and were, upon information and belief, agents of defendant CCS and are also individually liable to plaintiff.

12.    At all relevant times hereto, defendant PATRICIA STAGER, L.P.N. was a nurse or other health provider licensed in the State of New Jersey and provided medical and behavioral health care services at the MCCI to inmates, including plaintiff.  At all times herein, defendant PATRICIA STAGER, L.P.N. acted under color of state law and was, upon information and belief, an agent of defendant CCS and is also individually liable to plaintiff.

13.     At all relevant times hereto, defendants JANE DOES 1-10 (fictitious names of one or more real individuals) were nurses or other health providers licensed in the State of New Jersey and provided medical and behavioral health care services at the MCCI to inmates, including plaintiff. At all times herein, defendants JANE DOES 1-10 acted under color of state law and were, upon information and belief, agents of defendant CCS and are also individually liable to plaintiff.

14.     At all relevant times hereto RICHARD ROES, M.D. 1-10  (fictitious names of one or more real individuals) were psychologists, psychiatrists, medical doctors, or other medical or mental health care providers licensed in the State of New Jersey who held themselves out as doctors who possessed that degree of skill, ability and knowledge normal to a health care provider who devotes his or her attention to his or her specialty. In holding themselves out as health care providers trained in their speciality, these doctor(s) were called upon to examine and treat JOHN POITRAS.  At all times herein, defendants RICHARD ROES, M.D. 1-10  acted under color of state law and were, upon information and belief, agents of defendant CCS and are also individually liable to plaintiff.

15.     At all relevant times hereto, the defendants  KABEERUDDIN S. HASHIM, M.D., JOHN DOES, M.D. 1-10, and/or RICHARD ROES, M.D. 1-10 were members of one or more business entities known as ABC ASSOCIATES 1-10 (fictitious names of one or more real business entities) and were partners, associates, subcontractors, and/or employees of this medical practice.

16.     At all relevant times hereto, all or some of the defendants hereintofore named in this Complaint and/or defendant(s) PETER POES 1-10 (fictitious names of one or more real individuals) were corrections officers, administrative personnel, law enforcement personnel, employees, servants and/or agents of defendant MCCI who were responsible for the care of the decedent, JOHN

POITRAS, during his term of incarceration at MCCI.  At all times herein, defendants PETER POES

acted under color of state law and were, upon information and belief, are agents of defendant MCCI

and are also individually liable to plaintiff.


## STATEMENT OF FACTS COMMON TO ALL CAUSES

1.      This action concerns the failure of the MCCI and its contracted medical and mental

health care providers to properly supervise and provide inmate JOHN POITRAS with medical and

mental health treatment, resulting in his death by suicide.

2.      On or about September 9, 2011, plaintiff JOHN POITRAS was screened upon intake

to the MCCI and was thereafter admitted to the infirmary for observation.

3.      At all relevant times during the decedent's stay at the MCCI infirmary between

September 9, 2011, through September 16, 2011, plaintiff was under the care of the defendants

KABEERUDDIN HASHIMI, M.D., JOHN DOES, M.D. 1-10, PATRICIA STAGER, L.P.N., JANE

DOES 1-10, and RICHARD ROES, M.D. 1-10.

4.      Defendants were at all times aware that plaintiff suffered from chronic mental health

problems, including the possibility of schizoaffective disorder as well as bipolar disorder, anxiety,

and depression.  Defendants at all times were also aware that plaintiff suffered from substance abuse

and that he was undergoing heroin withdrawal.  Additionally, defendants were at all times aware that

plaintiff had a history of outpatient mental health treatment as well as a family history of suicide.

Moreover, records indicate that in 2009, while plaintiff was previously an inmate at MCCI, plaintiff

attempted suicide and was hospitalized.   Despite this information, defendants did not place plaintiff

under suicide prevention watch.

5.      Additionally, defendants at all times were aware that plaintiff was currently taking the psychotropic medications Seroquel and Ativan.  Despite this information, defendants failed to prescribe plaintiff the medication Seroquel at all during his stay in the infirmary.  Moreover, defendants decreased and eventually discontinued plaintiff's Ativan prescription before discharging him into general population, after which plaintiff committed suicide by asphyxiation.

6.      Plaintiff JOHN POITRAS' injuries and death were proximately caused by the failure of the defendants  to follow their duty to exercise reasonable care under all of the circumstances then and there present in that they: failed to adequately and properly care for, treat, and monitor and supervise plaintiff; failed to prescribe proper types and adequate amounts of psychotropic and other medications to plaintiff; failed to provide physicians, nurses, counselors, and other medical and mental health workers with the requisite skills, training, and experience to care for plaintiff; failed to provide adequate and proper monitoring, supervision, and training of the physicians, nurses, counselors and other medical and mental health workers who had responsibility for plaintiff; failed to provide MCCI employees and guards with the requisite skills, training, and experience to care for plaintiff; and failed to provide adequate and proper monitoring, supervision, and training of the MCCI employees and guards who had responsibility for plaintiff.

**FIRST COUNT**

**(Deliberate Indifference - Failure to Provide Constitutionally Adequate Medical Care Against All Defendants Pursuant to 42 U.S.C. § 1983 and N.J.S.A. 10:6-1, *et seq.*)**

1.      Plaintiff repeats each and every allegation contained in the previous paragraphs as if set forth herein.

2.     At all times mentioned herein, each of the defendants knew or should have known of plaintiff's serious medical, physical, and mental health condition, were deliberately indifferent to them, ignored them, and failed to provide access to and delivery of medical or mental health intervention, care, and attention for him.

3.     Each of the defendants were personally involved in and responsible for the deliberate indifference of plaintiff's serious medical needs in that: they participated directly in the decision to deny plaintiff the needed medical treatment and care; they failed to remedy the improper medical care; they exhibited deliberate indifference to plaintiff's rights by failing to act on information indicating that he was receiving grossly substandard medical care and supervision and that other unconstitutional harms were occurring; they failed to summon or provide medical care, supervision, and a safe environment for plaintiff; and they exhibited deliberate indifference to plaintiff's rights by failing to provide him with medical attention in a timely manner.

4.     At all times mentioned herein, defendants maintained a policy or de facto informal custom or practice of permitting, ignoring and condoning, deputies, counselors, officers, doctors, mental health and medical personnel to delay in providing adequate mental health and medical assistance for the protection of the health and safety of detainees/inmates and failing to properly observe and treat detainees/inmates, including inadequate: (1) intake screening and evaluation; (2) diagnoses; (3) referral to mental health professionals; (4) treatment plans; (5) administration ad delivery of medications; (6) classification; and (7) supervision.

5.     By failing to provide plaintiff with constitutionally adequate medical care and supervision, each of the defendants knowingly disregarded an excessive risk to plaintiff's health and safety and knowingly subjected plaintiff to and proximately caused conscious pain, physical and

10

mental injury, and ultimately death, thereby violating plaintiff's rights in violation of 42 U.S.C. §
1983 and N.J.S.A. 10:6-1 *et. seq.*

6.      As a direct result of the breach of the duty defendants owed to the plaintiff John
Poitras, plaintiff JOHN POITRAS sustained severe bodily injury, pain and suffering, hospitalization,
loss of bodily function, permanent injury, impairment to normal bodily functions, was caused to seek
additional medical care and was caused expenditures of large sums of money for medical care,
causing impairment of his pursuit of normal activities, causing him disfigurement and limitations,
and resulting in his death.  Moreover, the ESTATE OF JOHN POITRAS incurred burial and funeral
expenses as well as other incidental costs.

7.      As a direct result of the breach of duty of these defendants, DESIREE WHYTE, his
sister; Dakota, his son; Carmen, his sister; and Joseph and Paul, his brothers**,** and all next of kin, lost
all present and future services, income and companionship of JOHN POITRAS.

**WHEREFORE**, Plaintiff, DESIREE WHYTE, Administratrix Ad Prosequendum and
General Administratrix of the ESTATE OF JOHN POITRAS, demands judgment on this count
against all defendants, jointly, severally, and individually, for:

     a.      compensatory damages;

     b.      punitive damages; and,

     c.      interest and costs of suit.

## SECOND COUNT

### (Deliberate Indifference - Failure to Provide Constitutionally Adequate Medical Care - Supervisory Liability Against All Defendants Pursuant to 42 U.S.C. § 1983 and N.J.S.A. 10:6-1, *et seq.*)

11

1. Plaintiff repeats each and every allegation contained in the previous paragraphs as if set forth herein.

2. Each of the defendants were personally involved in and responsible for the deliberate indifference to plaintiff's serious medical needs in that: they were deliberately indifferent in supervising and training subordinates who committed the wrongful acts described herein; they participated directly in the decision to deny plaintiff the needed medical treatment and care; they failed to remedy the improper medical care after being informed of such; the created a policy and custom and allowed the continuation of a policy and custom in which inmates with serious medical conditions would be deprived of adequate medical treatment and care; they exhibited deliberate indifference to plaintiff's rights by failing to act on information indicating that he was receiving grossly substandard medical care and supervision and that other unconstitutional harms were occurring; they failed to summon or provide medical care, supervision, and a safe environment for plaintiff; and they exhibited deliberate indifference to plaintiff's rights by failing to provide him with medical attention in a timely manner.

3. By failing to provide plaintiff with constitutionally adequate medical care and supervision, each of the defendants knowingly disregarded an excessive risk to plaintiff's health and safety and knowingly subjected plaintiff to and proximately caused conscious pain, physical and mental injury, and ultimately death, thereby violating plaintiff's rights in violation of 42 U.S.C. § 1983 and N.J.S.A. 10:6-1 *et. seq.*

4. As a direct result of the breach of the duty defendants owed to the plaintiff John Poitras, plaintiff JOHN POITRAS sustained severe bodily injury, pain and suffering, hospitalization,

loss of bodily function, permanent injury, impairment to normal bodily functions, was caused to seek additional medical care and was caused expenditures of large sums of money for medical care, causing impairment of his pursuit of normal activities, causing him disfigurement and limitations, and resulting in his death.  Moreover, the ESTATE OF JOHN POITRAS incurred burial and funeral expenses as well as other incidental costs.

5.      As a direct result of the breach of duty of these defendants, DESIREE WHYTE, his sister; Dakota, his son; Carmen, his sister; and Joseph and Paul, his brothers, and all next of kin, lost all present and future services, income and companionship of JOHN POITRAS.

**WHEREFORE**, Plaintiff, DESIREE WHYTE, Administratrix Ad Prosequendum and General Administratrix of the ESTATE OF JOHN POITRAS, demands judgment on this count against all defendants, jointly, severally, and individually, for:

a.      compensatory damages;

b.      punitive damages; and,

c.      interest and costs of suit.

### THIRD COUNT

**(Deliberate Indifference to Safety - Failure to Protect -  Against All Defendants Pursuant to 42 U.S.C. § 1983 and N.J.S.A. 10:6-1, *et seq.*)**

1.      Plaintiff repeats each and every allegation contained in the previous paragraphs as if set forth herein.

2.      Each of the defendants knew that the other defendants, and each of them, were failing to summon or provide medical care, supervision, and a safe environment for plaintiff.

3.      Each defendant could have taken action to summon or provide medical care, supervision, and to prevent injury to the plaintiff, but refused and failed to do so.

4.      By failing to provide plaintiff with constitutionally adequate medical care and supervision, each of the defendants knowlingly disregarded an excessive risk to plaintff's health and safety and knowingly failed to protect him from harm in violation of his rights under the Fourteenth Amendment to the U.S. Constitution.

5.      By failing to provide plaintiff with constitutionally adequate medical care and supervision, each of the defendants knowingly disregarded an excessive risk to plaintiff's health and safety and knowingly subjected plaintiff to and proximately caused conscious pain, physical and mental injury, and ultimately death, thereby violating plaintiff's rights in violation of 42 U.S.C. § 1983 and N.J.S.A. 10:6-1 *et. seq.*

6.      As a direct result of the breach of the duty defendants owed to the plaintiff John Poitras, plaintiff JOHN POITRAS sustained severe bodily injury, pain and suffering, hospitalization, loss of bodily function, permanent injury, impairment to normal bodily functions, was caused to seek additional medical care and was caused expenditures of large sums of money for medical care, causing impairment of his pursuit of normal activities, causing him disfigurement and limitations, and resulting in his death.  Moreover, the ESTATE OF JOHN POITRAS incurred burial and funeral expenses as well as other incidental costs.

7.      As a direct result of the breach of duty of these defendants, DESIREE WHYTE, his sister; Dakota, his son; Carmen, his sister; and Joseph and Paul, his brothers, and all next of kin, lost all present and future services, income and companionship of JOHN POITRAS.

14

**WHEREFORE,** Plaintiff, DESIREE WHYTE, Administratrix Ad Prosequendum and General Administratrix of the ESTATE OF JOHN POITRAS, demands judgment on this count against all defendants, jointly, severally, and individually, for:

      a.     compensatory damages;

      b.     punitive damages; and,

      c.     interest and costs of suit.

## FOURTH COUNT

### (Medical Malpractice / Gross Negligence / Wrongful Death Against Defendants Hashimi and John Does, M.D. 1-10)

1.     Plaintiff repeats each and every allegation contained in the previous paragraphs as if set forth herein.

2.     While acting in the physician/patient relationship with the plaintiff, defendants KABEERUDDIN HASHIMI, M.D. and JOHN DOES, M.D. 1-10 owed a duty of care to the plaintiff to treat him in accordance with the standards of a physician with a specialty in internal medicine and to perform within the acceptable standards of a physician practicing in this area of expertise.

3.     At all relevant times hereto, plaintiff JOHN POITRAS was relying on the expertise, care and skill of KABEERUDDIN HASHIMI, M.D. and JOHN DOES, M.D. 1-10 to act within acceptable standards and to perform to the acceptable standards of a physician practicing in his or her area of specialty.  During the patient/physician relationship, KABEERUDDIN HASHIMI, M.D. and JOHN DOES, M.D. 1-10 examined, tested, were called upon to diagnose and treat plaintiff. Beginning on September 9, 2011, when the plaintiff was first admitted to MCCI through the time

of his death on September 26, 2011, the defendants KABEERUDDIN HASHIMI, M.D. and JOHN DOES, M.D. 1-10 failed to exercise that degree of care and skill normal to the average physician that devotes his or her attention to the specialty of internal medicine. In all phases of his treatment during his period of incarceration, the defendants KABEERUDDIN HASHIMI, M.D. and JOHN DOES, M.D. 1-10 breached their duty owing to the plaintiff to exercise that degree of skill exercised by others of the same profession, internal medicine, and deviated from the degree of skill, knowledge and care exercised by others in the same profession, and did so to the severe detriment of the plaintiff JOHN POITRAS.

4.     The deviations from the standard of care and the negligence, carelessness, recklessness, unlawfulness, gross negligence and/or wanton conduct of defendants consisted of, but was not limited to the following: failing to exercise due care in the diagnosis, care, and treatment of the plaintiff; failing to follow proper medical procedures; providing improper medical treatment; failing to properly classify plaintiff's condition; failing to properly supervise plaintiff; and failing to render the care commensurate with physicians and/or nurses of appropriate background and specialities.

5.     As a direct result of the breach of the duty defendants KABEERUDDIN HASHIMI, M.D. and JOHN DOES, M.D. 1-10 owed to the plaintiff John Poitras, plaintiff JOHN POITRAS sustained severe bodily injury, pain and suffering, hospitalization, loss of bodily function, permanent injury, impairment to normal bodily functions, was caused to seek additional medical care and was caused expenditures of large sums of money for medical care, causing impairment of his pursuit of normal activities, causing him disfigurement and limitations, and resulting in his death. Moreover,

the ESTATE OF JOHN POITRAS incurred burial and funeral expenses as well as other incidental costs.

6.      As a direct result of the breach of duty of these defendants, DESIREE WHYTE, his sister; Dakota, his son; Carmen, his sister; and Joseph and Paul, his brothers, and all next of kin, lost all present and future services, income and companionship of JOHN POITRAS.

7.      The treatment rendered by these defendants was so grossly deviant from the acceptable standards of medical practice for the specialty of defendant, it goes beyond the willful and wanton, but, evidences a reckless disregard for the safety and welfare of the plaintiff JOHN POITRAS.

**WHEREFORE**, Plaintiff, DESIREE WHYTE, Administratrix Ad Prosequendum and General Administratrix of the ESTATE OF JOHN POITRAS, demands judgment on this count against the defendants KABEERUDDIN HASHIMI, M.D. and JOHN DOES, M.D. 1-10, jointly, severally, and individually, for:

      a.      compensatory damages;

      b.      punitive damages; and,

      c.      interest and costs of suit.

### FIFTH COUNT

### (Medical Malpractice / Gross Negligence / Wrongful Death Against Defendants Stager and Jane Does 1-10)

1.      Plaintiff repeats each and every allegation contained in the previous paragraphs as if set forth herein.

2.      Defendants PATRICIA STAGER, L.P.N. and JANE DOES 1-10 were in the position of patient and nurse for the purpose of providing nursing services to plaintiff JOHN POITRAS and carrying out all orders of the treating physicians.  While acting in this capacity, these defendants owed a duty of care to the plaintiff JOHN POITRAS to treat him with the care, skill and knowledge of one holding herself out as a nurse or other health care provider licensed in the State of New Jersey and one who has the expertise to perform within accepted standards of nursing practice.

3.      Beginning on September 9, 2011, the time the plaintiff was first admitted to MCCI, through and to his date of his death on September 26, 2011, the defendants PATRICIA STAGER, L.P.N. and JANE DOES 1-10 failed to exercise that degree of care and skill normal to nurses or other health care providers who devote their attention to nursing and hold themselves out as having that degree of skill, education and training to perform acceptable standards of nursing practice.  In all phases of the nursing services provided by these defendants during the period of hospitalizations, the defendants breached her/his duty owing to the plaintiff JOHN POITRAS to exercise that degree of skill exercised by others in the same profession, and deviated from acceptable standards and from that degree of skill, knowledge and care exercised by others in the same profession and departed from acceptable practices in all aspects of the nursing services provided, and did so to the severe detriment of plaintiff JOHN POITRAS.

4.      The deviations from the standard of care and the negligence, carelessness, recklessness, unlawfulness, gross negligence and/or wanton conduct of defendants consisted of, but was not limited to the following: failing to exercise due care in the diagnosis, care, and treatment of the plaintiff; failing to follow proper medical procedures; providing improper medical treatment; failing to properly classify plaintiff's condition; failing to properly supervise plaintiff; and failing

to render the care commensurate with physicians and/or nurses of appropriate background and specialities.

5.      As a direct result of the breach of the duty defendants  PATRICIA STAGER, L.P.N. and JANE DOES 1-10 owed to the plaintiff JOHN POITRAS, plaintiff JOHN POITRAS sustained severe bodily injury, pain and suffering, hospitalization, loss of bodily function, permanent injury, impairment to normal bodily functions, was caused to seek additional medical care and was caused expenditures of large sums of money for medical care, causing impairment of his pursuit of normal activities, causing him disfigurement and limitations, and resulting in his death.  Moreover, the ESTATE OF JOHN POITRAS incurred burial and funeral expenses as well as other incidental costs.

6.      As a direct result of the breach of duty of these defendants, DESIREE WHYTE, his sister; Dakota, his son; Carmen, his sister; and Joseph and Paul, his brothers, and all next of kin, lost all present and future services, income and companionship of JOHN POITRAS.

7.      The treatment rendered by these defendants was so grossly deviant from the acceptable standards of medical practice for in the specialty of defendant, it goes beyond the willful and wanton, but, evidences a reckless disregard for the safety and welfare of the plaintiff JOHN POITRAS.

**WHEREFORE**, Plaintiff, DESIREE WHYTE, Administratrix Ad Prosequendum and General Administratrix of the ESTATE OF JOHN POITRAS,  demands judgment on this count against the defendants  PATRICIA STAGER, L.P.N. and JANE DOES 1-10, jointly, severally, and individually, for:

    a.      compensatory damages;

    b.      punitive damages; and,

    c.      interest and costs of suit.

## SIXTH COUNT

### (Medical Malpractice / Gross Negligence / Wrongful Death Against Defendant CCS)

1.     Plaintiff repeats each and every allegation contained in the previous paragraphs as if set forth herein.

2.     At all relevant times hereto, the defendants KABEERUDDIN S. HASHIMI, M.D. and JOHN DOES, M.D. 1-10 were members of a business entity known as CORRECT CARE SOLUTIONS, LLC ("CCS") and were partners, associates, agents and/or employees of this medical practice.

3.     The defendant CCS is responsible under the doctrine of Respondeat Superior for the actions of these defendants.

4.     At all relevant times hereto KABEERUDDIN S. HASHIMI, M.D. and JOHN DOES, M.D. 1-10 each was a partner or shareholder in defendant CCS and is each responsible for the actions of his or her fellow partners, associates, agents, or employees.

5.     At all relevant times hereto, plaintiff JOHN POITRAS was relying on the expertise, care and skill of the physicians of CCS to act within acceptable standards and to perform to the acceptable standards of a physician practicing in his or her area of specialty.  During the patient/physician relationship, the physicians of CCS examined, tested, were called upon to diagnose and treat the plaintiff.  Beginning on September 9, 2011 when the plaintiff was first admitted to MCCI, through the time of his death on September 26, 2011, the physicians of defendant CCS failed to exercise that degree of care and skill normal to the average physician that devotes his or her

attention to the specialty of internal medicine.  In all phases of his treatment during this period of incarceration, these defendants breached their duty owing to the plaintiff to exercise that degree of skill exercised by others of the same profession, internal medicine, and deviated from the degree of skill, knowledge and care exercised by others in the same profession, and did so to the severe detriment of the plaintiff JOHN POITRAS.

6.      The deviations from the standard of care and the negligence, carelessness, recklessness, unlawfulness, gross negligence and/or wanton conduct of defendants consisted of, but was not limited to the following: failing to exercise due care in the diagnosis, care, and treatment of the plaintiff; failing to follow proper medical procedures; providing improper medical treatment; failing to properly classify plaintiff's condition; failing to properly supervise plaintiff; and failing to render the care commensurate with physicians and/or nurses of appropriate background and specialities.

7.      As a direct result of the breach of the duty defendants CCS,  KABEERUDDIN S. HASHIMI, M.D. and JOHN DOES, M.D. 1-10 owed to the plaintiff John Poitras, plaintiff JOHN POITRAS sustained severe bodily injury, pain and suffering, hospitalization, loss of bodily function, permanent injury, impairment to normal bodily functions, was caused to seek additional medical care and was caused expenditures of large sums of money for medical care, causing impairment of his pursuit of normal activities, causing him disfigurement and limitations, and resulting in his death. Moreover, the ESTATE OF JOHN POITRAS incurred burial and funeral expenses as well as other incidental costs.

8.      As a direct result of the breach of duty of these defendants, DESIREE WHYTE, his sister; Dakota, his son; Carmen, his sister; and Joseph and Paul, his brothers, and all next of kin, lost all present and future services, income and companionship of JOHN POITRAS.

9.      The treatment rendered by these defendants was so grossly deviant from the acceptable standards of medical practice for in the specialty of defendant, it goes beyond the willful and wanton, but, evidences a reckless disregard for the safety and welfare of the plaintiff JOHN POITRAS.

**WHEREFORE**, Plaintiff, DESIREE WHYTE, Administratrix Ad Prosequendum and General Administratrix of the ESTATE OF JOHN POITRAS,  demands judgment on this count against the defendants  CCS,  KABEERUDDIN S. HASHIMI, M.D., and JOHN DOES, M.D. 1-10, jointly, severally, and individually, for:

      a.      compensatory damages;

      b.      punitive damages; and,

      c.      interest and costs of suit.

## SEVENTH COUNT

### (Medical Malpractice / Gross Negligence / Wrongful Death Against Defendants Richard Roes, M.D. 1-10)

1.      Plaintiff repeats each and every allegation contained in the previous paragraphs as if set forth herein.

2.      At all relevant times hereto RICHARD ROES, M.D. 1-10  (fictitious names of one or more real individuals) were psychologists, psychiatrists, medical doctors, or other medical or

mental health care providers licensed in the State of New Jersey who held themselves out as doctors who possessed that degree of skill, ability and knowledge normal to a health care provider who devotes his or her attention to his or her specialty. In holding themselves out as health care providers trained in their speciality, these doctor(s) were called upon to examine and treat JOHN POITRAS.

3.      At all relevant times during the decedent's jail stay at MCCI between September 9, 2011, through September 16, 2011, plaintiff was under the care of the defendants(s) RICHARD ROES, M.D. 1-10.

4.      While acting in the physician/patient relationship with the plaintiff, defendants RICHARD ROES, M.D. 1-10, owed a duty of care to the plaintiff to treat him in accordance with the standards of a physician with a specialty in their field of medicine and to perform within the acceptable standards of a physician practicing in this area of expertise.

5.      At all relevant times hereto, plaintiff JOHN POITRAS was relying on the expertise, care and skill of RICHARD ROES, M.D. 1-10  to act within acceptable standards and to perform to the acceptable standards of a physician practicing in his or her area of specialty.   During the patient/physician relationship, RICHARD ROES, M.D. 1-10  examined, tested, were called upon to diagnose and treat the plaintiff.  Beginning on September 9, 2011, when the plaintiff was first admitted to MCCI, through the time of his death on September 26, 2011, the defendants(s) RICHARD ROES, M.D. 1-10  failed to exercise that degree of care and skill normal to the average physician that devotes his or her attention to their speciality of medicine.   In all phases of his treatment during his period of incarceration, the defendants RICHARD ROES, M.D. 1-10 breached their duty owing to the plaintiff to exercise that degree of skill exercised by others of the same

profession, and deviated from the degree of skill, knowledge and care exercised by others in the same profession, and did so to the severe detriment of the plaintiff JOHN POITRAS.

6.     The deviations from the standard of care and the negligence, carelessness, recklessness, unlawfulness, gross negligence and/or wanton conduct of defendants consisted of, but was not limited to the following: failing to exercise due care in the diagnosis, care, and treatment of the plaintiff; failing to follow proper medical procedures; providing improper medical treatment; failing to properly classify plaintiff's condition; failing to properly supervise plaintiff; and failing to render the care commensurate with physicians and/or nurses of appropriate background and specialities.

7.     As a direct result of the breach of the duty defendant(s) RICHARD ROES, M.D. 1-10 owed to the plaintiff John Poitras, plaintiff JOHN POITRAS sustained severe bodily injury, pain and suffering, hospitalization, loss of bodily function, permanent injury, impairment to normal bodily functions, was caused to seek additional medical care and was caused expenditures of large sums of money for medical care, causing impairment of his pursuit of normal activities, causing him disfigurement and limitations, and resulting in his death.  Moreover, the ESTATE OF JOHN POITRAS incurred burial and funeral expenses as well as other incidental costs.

8.     As a direct result of the breach of duty of these defendants, DESIREE WHYTE, his sister; Dakota, his son; Carmen, his sister; and Joseph and Paul, his brothers, and all next of kin, lost all present and future services, income and companionship of JOHN POITRAS.

9.     The treatment rendered by these defendants was so grossly deviant from the acceptable standards of medical practice for in the specialty of defendant, it goes beyond the willful

and wanton, but, evidences a reckless disregard for the safety and welfare of the plaintiff JOHN POITRAS.

**WHEREFORE**, Plaintiff, DESIREE WHYTE, Administratrix Ad Prosequendum and General Administratrix of the ESTATE OF JOHN POITRAS,  demands judgment on this count against the defendants RICHARD ROES, M.D. 1-10, jointly, severally, and individually, for:

      a.     compensatory damages;

      b.     punitive damages; and,

      c.     interest and costs of suit.

## EIGHT COUNT

### (Medical Malpractice / Gross Negligence / Wrongful Death Against Defendant ABC Associates 1-10)

1.     Plaintiff repeats each and every allegation contained in the previous paragraphs as if set forth herein.

2.     At all relevant times hereto, the defendants  KABEERUDDIN S. HASHIM, M.D., JOHN DOES, M.D. 1-10, and/or RICHARD ROES, M.D. 1-10 were members of one or more business entities known as ABC ASSOCIATES 1-10 (fictitious names of one or more real business entities) and were partners, associates, agents, and/or employees of this medical practice.

3.     The defendants ABC ASSOCIATES 1-10 are responsible under the doctrine of Respondeat Superior for the actions of these defendants.

4.     At all relevant times hereto, defendants KABEERUDDIN S. HASHIMI, M.D., JOHN DOES, M.D. 1-10, and/or RICHARD ROES, M.D. 1-10 were partners or shareholders in

defendants ABC ASSOCIATES 1-10 and are responsible for the actions of his or her fellow partners, associates, agents, or employees.

5.      At all relevant times hereto, plaintiff JOHN POITRAS was relying on the expertise, care and skill of the physicians of ABC ASSOCIATES 1-10, to act within acceptable standards and to perform to the acceptable standards of a physician practicing in his or her area of specialty. During the patient/physician relationship, the physicians of ABC ASSOCIATES 1-10 examined, tested, were called upon to diagnose and treat the plaintiff.  Beginning on September 9, 2011, when the plaintiff was first admitted to MCCI, through the time of his death on September 26, 2011, the physicians of defendants ABC ASSOCIATES 1-10 failed to exercise that degree of care and skill normal to the average physician that devotes his or her attention to the specialty of medicine practiced by these defendants.  In all phases of his treatment during this period of hospitalization, these defendants breached their duty owing to the plaintiff to exercise that degree of skill exercised by others of the same profession, and deviated from the degree of skill, knowledge and care exercised by others in the same profession, and did so to the severe detriment of the plaintiff JOHN POITRAS.

6.      The deviations from the standard of care and the negligence, carelessness, recklessness, unlawfulness, gross negligence and/or wanton conduct of defendants consisted of, but was not limited to the following: failing to exercise due care in the diagnosis, care, and treatment of the plaintiff; failing to follow proper medical procedures; providing improper medical treatment; failing to properly classify plaintiff's condition; failing to properly supervise plaintiff; and failing to render the care commensurate with physicians and/or nurses of appropriate background and specialities.

26

7.    As a direct result of the breach of the duty defendants KABEERUDDIN S. HASHIMI, M.D. and /or JOHN DOES, M.D. 1-10 and/or RICHARD ROES, M.D. 1-10  and ABC ASSOCIATES 1-10 owed to the plaintiff John Poitras, plaintiff JOHN POITRAS sustained severe bodily injury, pain and suffering, hospitalization, loss of bodily function, permanent injury, impairment to normal bodily functions, was caused to seek additional medical care and was caused expenditures of large sums of money for medical care, causing impairment of his pursuit of normal activities, causing him disfigurement and limitations, and resulting in his death.  Moreover, the ESTATE OF JOHN POITRAS incurred burial and funeral expenses as well as other incidental costs.

8.    As a direct result of the breach of duty of these defendants, DESIREE WHYTE, his sister; Dakota, his son; Carmen, his sister; and Joseph and Paul, his brothers, and all next of kin, lost all present and future services, income and companionship of JOHN POITRAS.

9.    The treatment rendered by these defendants was so grossly deviant from the acceptable standards of medical practice for in the specialty of defendant, it goes beyond the willful and wanton, but, evidences a reckless disregard for the safety and welfare of the plaintiff JOHN POITRAS.

**WHEREFORE,** Plaintiff, DESIREE WHYTE, Administratrix Ad Prosequendum and General Administratrix of the ESTATE OF JOHN POITRAS,  demands judgment on this count against the defendants KABEERUDDIN S. HASHIMI, M.D. and /or JOHN DOES, M.D. 1-10 and/or RICHARD ROES, M.D. 1-10 and ABC ASSOCIATES 1-10, jointly, severally, and individually, for:

a.    compensatory damages;

b.    punitive damages; and,

c.       interest and costs of suit.

## NINTH COUNT

### (Negligence Against Defendants MCCI and Peter Poes 1-10)

1.       Plaintiff repeats each and every allegation contained in the previous paragraphs as if set forth herein.

2.       At all relevant times hereto, all or some of the defendants hereintofore named in this Complaint and/or defendant(s) PETER POES 1-10 (fictitious names of one or more real individuals) were corrections officers, administrative personnel, law enforcement personnel, employees, servants and/or agents of defendant MCCI who were responsible for the care of the decedent, John Poitras, during his term of incarceration at MCCI.  The defendant MCCI is responsible under the doctrine of Respondeat Superior for the actions of these defendants.

3.       At all relevant times hereto, plaintiff JOHN POITRAS was relying on the expertise, care and skill of PETER POES 1-10 to provide adequate medical care and supervision to plaintiff. Beginning on September 9, 2011, when the plaintiff was first admitted to MCCI, through the time of his death on September 26, 2011, defendants PETER POES 1-10 breached their duty owing to the plaintiff and did so to the severe detriment of the plaintiff JOHN POITRAS.

4.       The deviations from the standard of care and the negligence, carelessness, recklessness, unlawfulness, gross negligence and/or wanton conduct of defendants consisted of, but was not limited to the following: failing to properly classify plaintiff's condition; failing to properly supervise plaintiff; and failing to provide plaintiff with adequate medical care.

28

5.      As a direct result of the breach of the duty owed to plaintiff JOHN POITRAS by defendants PETER POES 1-10  and defendant MCCI, through its agents, servants, and employees, plaintiff JOHN POITRAS sustained severe bodily injury, pain and suffering, hospitalization, loss of bodily function, permanent injury, impairment to normal bodily functions, was caused to seek additional medical care and was caused expenditures of large sums of money for medical care, causing impairment of his pursuit of normal activities, causing him disfigurement and limitations, and resulting in his death.  Moreover, the ESTATE OF JOHN POITRAS incurred burial and funeral expenses as well as other incidental costs.

6.      As a direct result of the breach of duty of these defendants, DESIREE WHYTE, his sister; Dakota, his son; Carmen, his sister; and Joseph and Paul, his brothers, and all next of kin, lost all present and future services, income and companionship of JOHN POITRAS.

**WHEREFORE**, Plaintiff, DESIREE WHYTE, Administratrix Ad Prosequendum and General Administratrix of the ESTATE OF JOHN POITRAS,  demands judgment on this count against the defendants PETER POES 1-10 and MCCI, jointly, severally, and individually, for:

a.      compensatory damages;

b.      punitive damages; and,

c.      interest and costs of suit.

## JURY DEMAND

Plaintiff(s) Estate of John Poitras, et al. hereby demands a trial by jury on all issues.

RANDOLPH H. WOLF
Attorney for Plaintiff(s) Estate of John Poitras,
et al.


By:     /s/ *Randolph H. Wolf*_____
        Randolph H. Wolf

Dated: September 13, 2013