Proceeding:

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF JOHN POITRAS BY ITS GENERAL ADMINISTRATRIX DESIREE WHYTE, DESIREE WHYTE AS ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF JOHN POITRAS, AND DESIREE WHYTE, INDIVIDUALLY,<br><br>Plaintiffs,<br><br>v.<br><br>THE COUNTY OF MONMOUTH, MONMOUTH COUNTY SHERIFF'S OFFICE, SHERIFF SHAUN GOLDEN, MONMOUTH COUNTY CORRECTIONAL INSTITUTE, WARDEN BRIAN ELWOOD, CORRECT CARE SOLUTIONS, LLC, KABEERUDDIN S. HASHIMI, M.D., JOHN DOES, M.D. 1-10, PATRICIA STAGER, L.P.N., JANE DOES 1-10, RICHARD ROES, M.D. 1-10, ABC ASSOCIATES 1-20, AND PETER POES 1-10,<br><br>Defendants. | Civ. No. 13-5476 (FLW) (DEA)<br><br><br><br>MEMORANDUM OPINION AND ORDER<br><br><br>RECEIVED<br>MAY 20 2014<br>AT 8:30_____M<br>WILLIAM T. WALSH CLERK |

**ARPERT, U.S.M.J:**

This matter comes before the Court on a Motion by Plaintiffs Estate of John Poitras, et al. to waive the "same specialty" requirement of the New Jersey Affidavit of Merit Statute, N.J.S.A. § 2A:53A-27 [dkt. no. 26]. Defendants have opposed Plaintiffs' Motion [dkt. no. 29]. For the reasons specified below, Plaintiffs' Motion is **DENIED**.

I.   BACKGROUND

Plaintiffs brought this medical malpractice suit against Defendant Kabeeruddin Hashmi, M.D., among others, which arises from the death of the decedent, John Poitras, while he was

under Dr. Hashmi's care as an inmate at the Monmouth County Correctional Institution ("MCCI"). Dr. Hashmi specializes in Correctional Healthcare and is board certified in Internal Medicine. See Pls.' Brief, p. 1, dkt. no. 26. According to Plaintiffs, despite a "good faith effort", they have been unable to locate an expert willing to testify in this matter who meets the criteria specified in New Jersey's Affidavit of Merit Statute, N.J.S.A. § 2A:53A-27, particularly the "same specialty" requirement. Id. at p. 4. Accordingly, Plaintiffs seek a waiver of the "same specialty" requirement.

## II. LEGAL STANDARD

In any action for damages for personal injury or wrongful death resulting from an alleged medical malpractice, New Jersey law requires the plaintiff to produce an Affidavit of Merit. N.J.S.A. 2A: 53A-27. This Affidavit must be completed by "an appropriate licensed person" and certify "that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards for treatment practices." Id. Further, the person executing the Affidavit must "have particular expertise in the general area or specialty in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area of specialty involved in the action for at least five years." Id. A plaintiff has 60 days from the filing of the Answer to produce such an Affidavit, although the court may grant one 60-day extension for good cause. N.J.S.A. § 2A:53A-27.

According to the New Jersey Supreme Court, the Affidavit of Merit Statute was designed "to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation . . . ." Alan J. Cornblatt, P.A. v. Barow, 153 N.J. 218, 242 (N.J. 1998) (quoting In re

Petition of Hall, 147 N.J. 379, 391, 688 A.2d 81 (1997)).  Indeed, the Statute is "designed to weed out frivolous lawsuits at an early stage and to allow meritorious cases to go forward." Galik v. Clara Maass Med. Ctr., 167 N.J. 341, 350 (2001).

Despite the requirements of the Affidavit of Merit Statute, N.J.S.A. 2A:53A-41(c) provides that "[a] court may waive the same specialty or subspecialty . . . and board certification requirements of this section, upon motion by the party seeking a waiver, if, after the moving party has demonstrated to the satisfaction of the court that a good faith effort has been made to identify an expert in the same specialty or subspecialty, the court determines that the expert possesses sufficient training, experience and knowledge to provide the testimony as a result of active involvement in, or full-time teaching of, medicine in the applicable area of practice or a related field of medicine."

### III. DISCUSSION

In this case, Plaintiffs seek a waiver of the "same specialty" requirement because they claim to have been unable to identify a Correctional Healthcare expert, willing to participate in this case, who is also board certified in Internal Medicine.  See Pls.' Brief at p. 1.  Indeed, Plaintiffs explain that they have contacted six physicians and an expert referral service, to no avail.  Id. at pp. 1-2.  By Plaintiffs' account, at least some (and perhaps almost all) of these targeted experts specialize in Correctional Healthcare and are board certified in Internal Medicine.  Id.  However, these experts "declined to offer an opinion" on the alleged malpractice in this case "for various reasons."  Id. at p. 2.  Moreover, an expert referral service was similarly unable to locate a qualified expert willing to participate on Plaintiffs' behalf.  Id.

More recently, Plaintiffs have identified two proposed experts whom they claim "possess extensive training, experience, and knowledge as a result of their active involvement in and

teaching of the practice of Internal Medicine." Id. at p. 2. The first, Arndol Sterne Leff, M.D., is not board certified in Internal Medicine; however, Plaintiffs assert that he "has extensive experience in Correctional Healthcare" and "was board certified for ten years by the combined Internal Medicine and Family Medicine geriatric boards." Id. Dr. Leff was also a Clinical Professor of Medicine at Stanford University. Id. The second proposed expert, Henry T. Davis, D.O., is a Certified Correctional Healthcare Professional. Id. at pp. 2-3. He is not board certified in Internal Medicine by the American Board of Medical Specialties, but is board certified in Internal Medicine by the American Osteopathic Board.

After reviewing the facts and circumstances surrounding this dispute, the Court concludes that it would be inappropriate to waive the "same specialty" requirement of the Affidavit of Merit Statute. As Defendants noted, "[t]his is not a case where similarly situated experts in terms of specialty and qualifications do not exist." See Defs.' Brief at p. 5. Indeed, Plaintiffs acknowledge that they have located several experts with the appropriate qualifications to execute an Affidavit of Merit in this case. While these experts declined to opine on the matter, Plaintiffs' mere inability to secure an otherwise available, qualified expert is not grounds to loosen the statute's requirements. Quite the contrary, to allow a waiver of the "same specialty" requirement here would frustrate the purpose of the Affidavit of Merit Statute, which charges plaintiffs with finding an appropriate expert at the outset of the litigation process. Given that Plaintiffs have already identified various experts with the requisite qualifications to execute an Affidavit of Merit, the Court cannot conclude that individuals possessing the appropriate qualifications are particularly rare or that Plaintiffs have exhausted their efforts to locate such individuals.

Plaintiffs' reliance on <u>Ryan v. Renny</u>, 203 N.J. 37 (2010), is misplaced. In <u>Renny</u>, the Court concluded that Plaintiff had undertaken a "good faith" effort to identify an expert with the appropriate qualifications to execute an Affidavit of Merit. According to the Court:

> [T]o prove a good faith effort, a moving party must show what steps he undertook to obtain an expert qualified according to N.J.S.A. 2A:53A–41(a) or (b). By way of example, that would include: the number of experts in the field; the number of experts the moving party contacted; whether and where he expanded his search geographically when his efforts were stymied; the persons or organizations to whom he resorted for help in obtaining an appropriate expert; and any case-specific roadblocks (such as the absence of local sub-specialty experts) he encountered.

<u>Id.</u> at p. 55. Thus, before entertaining whether Drs. Leff and Davis are appropriately qualified to serve as experts in the event of a "waiver", Plaintiffs must first demonstrate a good faith effort to obtain an expert with the appropriate qualifications. The Court finds that Plaintiffs have not made this showing. Specifically, Plaintiffs have not referenced the number of qualified experts in the field as compared with the number of experts Plaintiffs have contacted. Accordingly, it would be inappropriate in this situation to waive the "same specialty" requirement.

## IV. CONCLUSION AND ORDER

The Court has considered the papers submitted pursuant to FED. R. CIV. P. 78 and, for the reasons set forth above;

IT IS this 19th day of May, 2014,

**ORDERED** that Plaintiff's Motion to waive the same specialty requirement of the New Jersey Affidavit of Merit Statute [dkt. no. 26] is **DENIED**.

s/ Douglas E. Arpert<br>
DOUGLAS E. ARPERT, U.S.M.J.